■ In the Matter of the Arbitration between BUFFALO COUNCIL OF SUPERVISORS AND ADMINISTRATORS, Appellant, and CITY OF BUFFALO SCHOOL DISTRICT, Respondent, and BUFFALO TEACHERS FEDERATION, Intervenor-Respondent. [626 NYS2d 623] —Order unanimously affirmed without costs. Memorandum: Petitioner, Buffalo Council of Supervisors and Administrators, filed a grievance on behalf of a school principal who sought the involuntary transfer of an alleged insubordinate teacher, a Buffalo Teachers Federation (BTF) building representative. An arbitrator sustained that grievance and directed respondent, City of Buffalo School District (District), "to execute the involuntary transfer * * * no later than the beginning of the new school year, September 1993-94." The award was made notwithstanding a provision in the collective bargaining agreement between the District and BTF, which states that a BTF building representative "shall not be involuntarily transferred unless there is a reduction-in-force at such teacher's school". Petitioner does not contend that a reduction-in-force at the teacher's school precipitated the request for an involuntary transfer. The arbitrator, relying on a provision of the collective bargaining agreement between the District and petitioner stating that "[t]he present policy of giving consideration to the request of Principals that teachers be transferred from their staffs for cause shall be continued", reasoned that the District was obligated to give "serious" consideration to such a request and that, by refusing to involuntarily transfer the teacher, it failed to give "serious" consideration to the request in violation of the collective bargaining agreement. We conclude that the arbitrator, by interpreting the agreement between petitioner and the District so as to compel the District to transfer a building representative, fashioned a new agreement that the District neither made nor legally could have made without

violating its collective bargaining agreement with BTF. Furthermore, the award violates public policy embodied in the Taylor Law (Civil Service Law art 14). Because the arbitrator exceeded his authority and because the award is irrational and violative of a strong public policy, Supreme Court properly vacated that award (see, CPLR 7511; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-309; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582-583). (Appeal from Order of Supreme Court, Erie County, Gorski, J. —Arbitration.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.