■■■ FERN M. WOLDMAN et al., Respondents, v HENRY KENT et al., Appellants. [665 NYS2d 213] —Order unanimously affirmed with costs. Memorandum: Plaintiffs Fern M. Woldman, David C. Magnano, D.C., and Barbara M. Magnano, and defendants, Henry and Maryanne Kent, are the owners of three parcels of property that share a right of way. Their right-of-way agreement provides that, if the parties are unable to agree to the repairs and maintenance of the right of way, the dispute will be submitted to arbitration. Supreme Court's order referring the matter to arbitration required the parties to submit as issues the responsibility for additional repair costs of the right of way caused by any party's or parties' prior act that may have affected the right of way; the party or parties responsible for removal of barriers to the right of way; and "[a]ny and all issues which will reasonably be required [to] resolve the issue herein". No appeal was taken from that order.

The court properly confirmed the arbitrator's award. We reject the contention of defendants that the arbitrator exceeded his powers by "in effect, ma[king] a new contract for the parties" (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383; see, Matter of Buffalo Council of Supervisors & Adm'rs [City of Buffalo School Dist.], 214 AD2d 985, 986, lv denied 87 NY2d 801; City of Canandaigua v Canandaigua Police Officers Assn., 174 AD2d 1048, 1049). The issues submitted to arbitration were not strictly limited to the repair and maintenance of

the right of way but encompassed issues that also "affected" the right of way. "Once a controversy is properly before the arbitrator, he or she has wide discretion in the choice of remedies. In the absence of a contrary public policy or an express provision in the arbitration agreement otherwise limiting his or her authority, an arbitrator has the power to fashion appropriate remedies, and is free to make an award which he or she feels is appropriate under the circumstances, even though it exceeds the remedy requested by the parties or provided for in the contract" (5 NY Jur 2d, Arbitration and Award, § 171, at 328-329; *see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-309; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631).

Moreover, there is no proof in the record that defendants objected to the arbitrator's consideration of any of the matters decided in the arbitration. Therefore, they "must be deemed to have acquiesced in the submission of the same to the arbitrator" (*United Buying Serv. Intl. Corp. v United Buying Serv.*, 38 AD2d 75, 79, *affd* 30 NY2d 822; *see, Aigen v Giannone*, 49 AD2d 562).

Finally, the contention of defendants that the award violates a strong public policy is without merit (*see, Matter of Sprinzen [Nomberg], supra*, at 630-631). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Arbitration.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.